# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUSAN DIANE VANDERLINDEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICHARD KOERNER, )<br>WARDEN, TOPEKA CORRECTIONAL )<br>FACILITY )<br>Respondant. )<br>) | CIVIL ACTION<br>No. 03-3488-CM |

## MEMORANDUM AND ORDER

Petitioner Susan Diane Vanderlinden, a prisoner at the Topeka Correctional Facility in Topeka, Kansas, has filed a *pro se* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1). Petitioner was convicted in the District Court of Cherokee County, Kansas of numerous charges relating to the murder of her husband, Jimmie Ray Vanderlinden. Petitioner seeks federal relief on the following grounds: (1) ineffective assistance of trial counsel; and (2) state court error in denying petitioner an evidentiary hearing on her Kan. Stat. Ann. § 60-1507 motion.

## I.   Procedural History

On November 20, 1986, a Cherokee County, Kansas jury convicted petitioner of the following: one count of first degree murder; one count of aggravated kidnapping; one count of aggravated robbery; one count of aggravated burglary; and one count of criminal solicitation. On March 4, 1987, petitioner was sentenced to a term of life imprisonment for the first degree murder and aggravated kidnapping convictions, a term of fifteen to twenty years on the aggravated robbery conviction, a term of five to ten years on the aggravated burglary conviction, and a term of three to five years on the criminal solicitation conviction.

Petitioner is currently serving each of her sentences consecutively.

On direct appeal, petitioner's convictions were affirmed by the Kansas Supreme Court on July 8, 1988. On March 7, 1989, petitioner requested a new trial from the Cherokee County District Court, alleging newly discovered evidence. That motion was denied on April 6, 1990. On May 24, 1991, the Kansas Supreme Court affirmed the Cherokee County District Court's denial of petitioner's motion for new trial. Petitioner then filed for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 in the District Court of Cherokee County on March 6, 1996. In that petition, she asserted that she received ineffective assistance of counsel at trial. After the district court denied her petition, petitioner sought reconsideration of her § 60-1507 motion in the same court on December 10, 1998. That motion was denied on October 10, 2001. The Kansas Court of Appeals affirmed the district court's denial of petitioner's § 60-1507 motion on November 1, 2002. On February 4, 2003, the Kansas Supreme Court declined review, and petitioner filed the instant request for federal habeas relief pursuant to 28 U.S.C. § 2254 on December 23, 2003. There is no dispute that petitioner has exhausted her state court remedies.

**II.     Standard of Review**

Because petitioner filed her habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. §

2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409-10. This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, a federal court does not review a state court decision for errors of state law. *Id.* (citations omitted).

### III.  Factual Background

On March 17, 1986, Jimmie Ray Vanderlinden was found dead in his residence near Galena, Kansas. His wrists and ankles were bound, and he had been shot three times in the back of the head. At the time, petitioner's and Mr. Vanderlinden's marriage was estranged. Multiple felony charges were filed against petitioner, Luke Callihan and Stephen Reed. The State's theory of prosecution was that petitioner

hired Callihan to kill her husband, and that Callihan had subcontracted the job to Reed, who actually committed the murder. Petitioner has always denied involvement in her husband's murder.

Pursuant to a plea agreement, Callihan pled guilty to conspiracy to commit murder in exchange for dismissal of his other charges and his testimony against petitioner and Reed. Callihan testified that petitioner had hired him to kill her husband, and that he in turn hired Reed to carry out the job. He also testified that he transported Reed to the area of the victim's residence the night of the murder, and that the next morning, Reed told Callihan that he had killed Mr. Vanderlinden by shooting him three times in the back of the head.

Dennis Orton, a friend of Callihan's, testified that the morning after the murder, Callihan and Reed came to his home where Callihan informed him that Reed committed the murder. Callihan obtained money from Orton to give to Reed so that Reed could leave town. Orton testified that two weeks later, Reed returned and told Orton that he had killed the victim. Orton also testified that Callihan later identified petitioner as the person who hired Callihan to murder the victim.

Reed, awaiting trial himself, exercised his Fifth Amendment right not to testify at petitioner's trial. The parties dispute whether petitioner testified, although this issue is not pertinent to the court's instant § 2254 habeas motion. A jury convicted petitioner of first degree murder, aggravated kidnapping, aggravated robbery, aggravated burglary, and criminal solicitation on November 20, 1986.

**IV.     Analysis**

**A.      § 2254 Motion**

**1.      Ineffective Assistance of Counsel**

Petitioner makes three arguments regarding the trial court's alleged error in admitting evidence at trial. Each of these arguments, however, stem from petitioner's trial counsel's failure to make

-4-

contemporaneous objections. Therefore, the court will analyze each of these arguments using the ineffective assistance of counsel standard.

When determining whether a habeas petitioner's counsel provided ineffective assistance, the court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> [T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

*Id.* at 697.

Petitioner first argues that the trial court erred by allowing Orton and Callihan to testify concerning statements allegedly made by Reed. Petitioner asserts that Orton's and Callihan's testimony, which implicated petitioner, constituted inadmissible hearsay. Petitioner's trial counsel filed a motion in limine concerning the relevant testimony, which was denied, but counsel did not make a contemporaneous objection at the time of the testimony.

In petitioner's Kan. Stat. Ann. § 60-1507 motion, the state district court applied *Strickland* to petitioner's ineffective assistant of counsel argument. The court found that Orton's and Callihan's testimony was admissible under two exceptions to the hearsay rule. *See* Kan. Stat. Ann. §§ 60-460(i)(2) (vicarious admissions), 60-460(j) (declarations against interest). Therefore, it was objectively reasonable for petitioner's trial counsel to not object to the admission of Orton's and Callihan's testimony about Reed's statements. The court will not find counsel ineffective for failing to make meritless arguments. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The district court further found that any deficient performance on the part of petitioner's counsel would not have reasonably altered the result at trial. Therefore, the state court reasonably applied clearly established federal law, namely *Strickland*, to the facts before them. 28 U.S.C. § 2254(d)(1). The court denies petitioner's motion on this issue.

Petitioner's second argument is that her trial counsel failed to raise an objection of prosecutorial misconduct after the State offered and the state court admitted testimony not previously disclosed to petitioner. Callihan testified at trial that Reed had given him a bow and bow case that Reed had allegedly taken from the victim's home. This testimony was contrary to Callihan's previous statements to police. Petitioner argues that Callihan's testimony placed Callihan at the crime scene and adversely affected Callihan's credibility.

When deciding and reviewing petitioner's Kan. Stat. Ann. § 60-1507 motion, both the district and appellate courts held that prosecutorial misconduct did not occur, and that petitioner's trial counsel's failure to object did not constitute ineffective assistance of counsel. Significantly, both courts noted that it was possible, if not probable, that petitioner's trial counsel preferred, for tactical purposes, to impeach Callihan with his prior inconsistent statements. Both courts also held that, in light of the other evidence admitted at

trial, Callihan's testimony did not result in prejudice to petitioner. After reviewing the record regarding petitioner's § 60-1507 motion, the court finds that the state courts reasonably applied *Strickland* to the facts before them. The court denies petitioner's motion on this issue.

Petitioner's third argument is that her trial counsel failed to object to the testimony of Kansas Bureau of Investigation Special Agent Joaquin Padilla about petitioner's prior bad acts. Padilla testified that petitioner was having an affair, that she had claimed that she used proceeds from the sale of horses and a horse trailer to reimburse merchants for bad checks she had written, that she initially lied to investigators that she did not know Callihan, and that she had taken a "nerve pill" that Callihan gave her after the victim's funeral service.

Both the district court and Kansas Court of Appeals reviewed this argument and held that Padilla's testimony was admissible under Kansas law. Relying on Kan. Stat. Ann. § 60-455, the state courts held that Padilla's testimony was admissible to show motive, opportunity, preparation, intent and knowledge. Specifically, testimony about petitioner's affair showed motive, the evidence about petitioner's bad checks showed that she had money to hire Callihan, and petitioner's acquaintance with Callihan, including taking a "nerve pill" from him, demonstrated a relationship between petitioner and Callihan. Finally, both courts held that, in light of the other evidence presented at trial, counsel's failure to object to Padilla's testimony did not prejudice petitioner. The court finds that the state courts reasonably applied *Strickland* to the facts before it. And this court will not review the state court's interpretation of state law. *Estelle*, 502 U.S. at 67-68. Therefore, this court adopts the state court's holding that Padilla's testimony was properly admitted. Accordingly, petitioner's motion on this issue is denied.

**2.     Evidentiary Hearing**

Petitioner also argues that the state courts erred in denying petitioner an evidentiary hearing on her Kan. Stat. Ann. § 60-1507 motion. Kansas statute and caselaw set forth guidelines for granting evidentiary hearings on § 60-1507 motions. *See id.* § 60-1507(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon."); *Gilkey v. State*, 60 P.3d 351, 354 (Kan. App. 2003) (outlining the guidelines for granting an evidentiary hearing on a Kan. Stat. Ann. § 60-1507 motion provided by Kansas statute, court rule and cases). Again, the court will not review the state court's interpretation of state law. *Estelle*, 502 U.S. at 67-68. The court denies petitioner's motion on this issue.

## B.    Petitioner's Traverse

Petitioner filed her § 2254 motion on December 23, 2003. After numerous extensions of time, the respondent filed his response on July 28, 2004. Following denial of four motions to receive appointed counsel, petitioner retained counsel on March 2, 2005. On March 31, 2006, petitioner, through counsel, replied in the form of a Traverse (Doc. 37). For the reasons explained below, the court does not currently have jurisdiction to consider the issues raised in petitioner's Traverse.

Rather than directly replying to respondent's motion, petitioner's Traverse sets forth newly discovered evidence. The Traverse cites to an attached January 12, 2006 sworn deposition transcript of Stephen Reed,[1] in which Reed testified that (1) Callihan drove Reed to the scene of the murder; (2) Reed killed the victim; (3) Reed shot the victim because Callihan was pointing a gun at Reed; (4) Callihan had a motive to kill the victim; and (5) petitioner was not involved in the murder. If believed, Reed's testimony exonerates petitioner.

---

[1] Reed invoked his Fifth Amendment right to be questioned at petitioner's trial.

-8-

The court will not consider arguments first raised in a petitioner's Traverse. *See Loggins v. Hannigan*, 45 Fed. Appx. 846, 849 (10th Cir. 2002) ("We will not consider petitioner's argument that forcing the wife/victim to her car was insufficient to support the kidnaping charge as this issue was first raised in petitioner's traverse to respondents' answer to the habeas petition.") (citation omitted). Moreover, § 2254 is predicated on the general requirement that the issues before the federal court were previously raised in state court. 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 420, 431 (2000) ("We ask first whether the factual basis was indeed developed in state court."). Here, petitioner's Traverse presents new evidence in support of a defense theory that was never presented to the state court.

The question before the court is when, if ever, a § 2254 habeas motion may present newly discovered evidence. First, the court finds that petitioner's new arguments may not be considered as part of the instant § 2254 motion. *Loggins*, 45 Fed. Appx. at 849. Second, the court finds that a second habeas motion may only be granted under limited circumstances. Section 2244 states that:

> a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> . . . .
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2); *see also Tyler v. Cain*, 533 U.S. 656, 661-62 (2001); *Bryan v. Mullin*, 100 Fed. Appx. 801, 803 (10th Cir. 2004).

Reed's testimony, which was previously unavailable by virtue of his invocation of his Fifth Amendment rights, could raise strong doubts about petitioner's guilt. Even so, this court lacks jurisdiction

-9-

to hear petitioner's newly discovered evidence until the Tenth Circuit authorizes petitioner to file a second § 2254 habeas motion. *See id.* § 2244(b)(3); *United States v. Battle*, 2006 WL 749460, at *3 (D. Kan. March 22, 2006) (citing *United States v. Sternberg*, 5 Fed. Appx. 806, 808 (10th Cir. 2001)). Accordingly, the court will order the Clerk of this court to forward a copy of petitioner's Traverse, along with a copy of this Memorandum and Order, to the Clerk of the Tenth Circuit Court of Appeals for review under § 2244(b)(3). If the Tenth Circuit authorizes petitioner's request, she shall have thirty days from the date of authorization in which to file an amended second habeas motion pursuant to § 2244(b)(2), or if petitioner opts not to file a second habeas motion, this court will consider her Traverse as a second habeas motion.

**IT IS THEREFORE ORDERED** that petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of petitioner's Traverse (Doc. 37) and this Memorandum and Order to the Clerk of the Tenth Circuit Court of Appeals for review under 28 U.S.C. § 2244(b)(3).

Dated this 21st day of June 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**